928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard J. HOWEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2092.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1991.
 
 E.D.Mich, 90-40181, Newblate, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr. Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted in 1989 for false statement and failure to appear for a probation revocation hearing. His conviction was affirmed on appeal. Petitioner filed a 28 U.S.C. Sec. 2255 motion to vacate alleging that he had ineffective assistance of counsel. The district court denied the 28 U.S.C. Sec. 2255 motion to vacate and petitioner appealed.
 
 
 3
 On appeal, petitioner alleges ineffective assistance of counsel on the basis that counsel failed to subpoena Duncan which allegedly deprived petitioner of his defense of duress or coercion for fleeing from Michigan to Colorado.
 
 
 4
 To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The defense of duress to a criminal act requires the production of evidence of an immediate threat of death or serious bodily harm with no opportunity to avoid the danger. United States v. Campbell, 675 F.2d 815, 820-21 (6th Cir.), cert. denied, 459 U.S. 850 (1982). The opportunity to avoid the danger prevents asserting duress as a defense. United States v. Atencio, 586 F.2d 744, 746 (9th Cir.1978) (per curiam). Even if Duncan had testified as alleged by the petitioner, petitioner still would not have met his burden regarding a duress defense. Thus, no prejudice has been shown.
 
 
 5
 It is ORDERED that the order of the district court denying the 28 U.S.C. Sec. 2255 motion to vacate be, and it hereby is, affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.